PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

Attorney for Plaintiff
JOSE LUIS KOYOC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JOSE LUIS KOYOC,

        Plaintiff,

    vs.

PROGRESS FINANCIAL
COMPANY, dba PROGRESO
FINANCIERO; and DOES 1 to 10,
inclusive,

        Defendant(s).

Case No: **CV13-9165SS**

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**

**1. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**

**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]**

## COMPLAINT FOR DAMAGES

### I.   INTRODUCTION

1.    Jose Luis Koyoc ("Plaintiff") brings this action to secure redress from Progress Financial Company dba Progreso Financiero ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227

1  and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE

2  § 1788.  The TCPA is a federal statute that broadly regulates the use of automated

3  telephone equipment.  Among other things, the TCPA prohibits certain

4  unsolicited marketing calls, restricts the use of automatic dialers or prerecorded

5  messages, and delegates rulemaking authority to the Federal Communications

6  Commission ("FCC").  The RFDCPA prohibits debt collectors from engaging in

7  abusive, deceptive and unfair practices in connection with the collection of

8  consumer debts.

9  ## II.  JURISDICTION AND VENUE

10      2.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as

11  Plaintiff's claims arise under the laws of the United States.  Jurisdiction in this

12  Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is

13  so related to Plaintiff's TCPA claim that they form part of the same case or

14  controversy under Article III of the United States Constitution.

15      3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)

16  because the acts and transactions alleged in this Complaint occurred here,

17  Plaintiff resides here, and Defendant transacts business here.

18  ## III.  PARTIES

19      3.  Plaintiff is an individual, residing in Thousand Oaks, Los Angeles

20  County, California 91362.  Plaintiff is a natural person from whom a debt

21  collector seeks to collect a consumer debt which is due and owing or alleged to

22  be due and owing from such person.  Thus, Plaintiff is a "debtor" as defined by

23  the RFDCPA, CAL. CIV. CODE § 1788.2(h).

24      4.  Defendant is a foreign corporation, registered under the laws of the

25  State of Delaware.  Defendant is headquartered at 171 Constitution Drive, Menlo

26  Park, California 94025.  Defendant's registered agent for service of process in

27  California is National Registered Agents, Inc., 818 W Seventh Street, Los

28  Angeles, California 90017.

COMPLAINT FOR DAMAGES

5.     In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c).  Defendant regularly engages in the collection of debt by telephone in several states including, California.

6.     The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.    FACTUAL ALLEGATIONS

7.     Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f) ("alleged debt").  Defendant identifies the alleged debt by account number 000666423.

8.     At all times relevant to this action, Defendant owned, operated and/or controlled telephone number 650-810-9235.  At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone number 650-810-9235.

9.     At all times relevant to this action, Defendant called Plaintiff at, but not limited to, Plaintiff's cellular telephone number 805-338-2430.

10.    Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

11.    Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

COMPLAINT FOR DAMAGES

12.     On, or about, August 26, 2013, Plaintiff retained an attorney for the purpose of filing bankruptcy.

13.     Subsequent to August 26, 2013, Defendant called Plaintiff for the purpose of collecting the allege debt.  Plaintiff notified Defendant that Plaintiff was represented by an attorney.  Plaintiff requested Defendant cease calling Plaintiff and direct all future communications regarding Plaintiff and the allege debt to Plaintiff's attorney.  Defendant told Plaintiff that it would not cease calling Plaintiff until it received a request from Plaintiff's attorney in writing.

14.     On, or about, September 12, 2013, Plaintiff's attorney sent Defendant a written notice of representation.  A true and correct copy of this document is attached hereto and referred to herein as "Exhibit A."  In Exhibit A, Plaintiff's attorney requested Defendant cease contacting Plaintiff.  In Exhibit A, Plaintiff's attorney requested Defendant direct all future correspondence regarding Plaintiff to Plaintiff's attorney.  In Exhibit A, Plaintiff's attorney provided Defendant with Plaintiff's attorney's name, address and telephone number.

15.     Subsequent to September 12, 2013, Defendant called Plaintiff on Plaintiff's cellular telephone multiple times.

16.     On, or about, September 19, 2013, Defendant sent Plaintiff a collection letter.  A true and correct copy of this document is attached hereto and referred to herein as "Exhibit B."

17.     On, or about, October 3, 2013, Defendant sent Plaintiff a collection letter.  A true and correct copy of this document is attached hereto and referred to herein as "Exhibit C."

18.     On, or about, October 24, 2013, Defendant sent Plaintiff a collection letter.  A true and correct copy of this document is attached hereto and referred to herein as "Exhibit D."

COMPLAINT FOR DAMAGES

19.     On, or about, October 25, 2013, Plaintiff requested in writing that Defendant cease calling Plaintiff.  A true and correct copy of this document is attached hereto and referred to herein as "Exhibit E."  In Exhibit E, Plaintiff notified Defendant that Plaintiff was represented by an attorney.  In Exhibit E, Plaintiff provided Defendant with Plaintiff's attorney's name, address and telephone number.  In Exhibit E, Plaintiff requested Defendant direct all future correspondence to Plaintiff's attorney.

20.     Subsequent to October 25, 2013, Defendant called Plaintiff on Plaintiff's cellular telephone multiple times.

21.     On, or about, November 14, 2013, Defendant sent Plaintiff a collection letter.  A true and correct copy of this document is attached hereto and referred to herein as "Exhibit F."

22.     The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

23.     The natural and probable consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

24.     At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

25.     At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

- 5 -

COMPLAINT FOR DAMAGES

26.    Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number (805) 338-2430 multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

27.    Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

28.    Assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked on no less than three (3) occasions.

29.    At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

30.    Defendant is not a tax exempt nonprofit organization.

31.    Defendant's violation of the TCPA was willful.  Defendant's violation of the TCPA was willful because Plaintiff made no less than three (3) demands that Defendant stop calling Plaintiff on Plaintiff's cellular telephone.

32.    Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff multiple times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V.    FIRST CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

33.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.   Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)   Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b)   Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c)   Defendant violated CAL. CIV. CODE § 1788.14(c) by communicating with a debtor, other than statements of account, after the debt collector has been notified in writing that the debtor is represented by an attorney; and

(d)   Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692(c)(a)(2) by communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; and

(ii)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692(c)(c) by communicating with the consumer with respect to a debt, after the consumer notifies the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer; and

COMPLAINT FOR DAMAGES

(iii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(iv)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(v)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

35.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36.    As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## VI.    SECOND CAUSE OF ACTION

### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

37.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.    Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)    Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned

COMPLAINT FOR DAMAGES

1   to a . . . cellular telephone service . . . or any service for which the called party is

2   charged for the call.

3        (b)     Within four years prior to the filing of this action, on multiple

4   occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's

5   cellular telephone using an artificial prerecorded voice or an automatic telephone

6   dialing system and as such, Defendant knowing and/or willfully violated the

7   TCPA.

8        39.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is

9   entitled to an award of five hundred dollars ($500.00) in statutory damages, for

10  each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds

11  that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled

12  to an award of one thousand five hundred dollars ($1,500.00), for each and every

13  violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

14       40.     Plaintiff is also entitled to seek injunctive relief prohibiting such

15  conduct in the future.

## VII.   **PRAYER FOR RELIEF**

17       WHEREFORE, Plaintiff respectfully requests that judgment be entered

18  against Defendant for the following:

19       (a)     An injunction prohibiting Defendant from contacting Plaintiff on

20               Plaintiff's cellular telephone using an automated dialing system

21               pursuant to 47 U.S.C. § 227(b)(3)(A); and

22       (b)     Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

23       (c)     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1),

24               Plaintiff is entitled to and requests five hundred dollars ($500.00) in

25               statutory damages, for each and every violation, pursuant to 47

26               U.S.C. § 227(b)(3)(B); and

27       (d)      As a result of Defendant's willful and/or knowing violations of 47

28               U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble

COMPLAINT FOR DAMAGES

damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e)  Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(f)  Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(g)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(h)  For such other and further relief as the Court may deem just and proper.

## VIII.  DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: December 11, 2013

PRICE LAW GROUP, APC

By: _____

G. Thomas Martin, III
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

COMPLAINT FOR DAMAGES

09/12/2013 15:26 FAX 818 995 9277          PRICE LAW GROUP                    ☑001

```
                        ************************
                    ***     TX REPORT     ***
                        ************************


    TRANSMISSION OK

    TX/RX NO              1542
    CONNECTION TEL                    16503964420
    CONNECTION ID
    ST. TIME              09/12 15:25
    USAGE T              00'51
    PGS. SENT              2
    RESULT               OK
```



### PRICE LAW GROUP
### A Professional Corporation

# FAX

| | | | |
|---|---|---|---|
| **TO:** | Andrei Zejudo | **FAX:** | (650)396-4420 |
| **COMPANY:** | Progreso Financiero | **PHONE:** | (916)248-5508 |
| **FROM:** | Dora Vazquez, Assistant to Rabin J. Pournazarian | **DATE:** | September 12, 2013 |
| | | **PAGES SENT:** | 2 |

**SUBJECT:**   Jose Luis Koyoc

IF YOU ARE NOT IN RECEIPT OF ALL PAGES, PLEASE CONTACT THE SENDER AT (818) 995-4540.
THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.



PRICE LAW GROUP
A Professional Corporation

September 12, 2013

**VIA FACSIMILE ONLY**
Progreso Financiero
Attention: Andrei Zejudo

*Regarding our client: Jose Luis Koyoc*

Dear Mr. Zejudo:

Please be advised that Jose Luis Koyoc has retained the law firm of Price Law Group for the purpose of representation in the filing of a bankruptcy.

Further, you are hereby given <u>NOTICE</u> that you or your representatives are no longer to contact the above named Debtor, **at work, at home, by phone, by mail, or by email, or through a friend and/or neighbor.** Please do not approach our client in person, with regards to the collection of this debt.

Pursuant to 15 U.S.C. § 1681, 15 U.S.C. § 1692, C.C.P. § 1788.30, and the California Fair Credit Reporting Act, any communication with my client(s) will result in the filing of a formal grievance with the Department of Consumer Affairs Bureau of Collection and Investigative Services and the Attorney General's Office Public Inquiry Unit, and the filing of a civil suit pursuant to said statutes, to recover statutory damages and damages for emotional distress, attorney's fees and costs, and any available punitive damages.

Pursuant to the United States Code of Civil Procedure, we are also advising you that if any further communications are made by you or your agents with regards to this debt, those communications will be recorded <u>without further notice or disclosure</u> and later used as evidence against you in a civil suit.

Any further actions regarding the collection of this debt must be done so through the proper judicial process. I advise you to consult with your legal department or legal representation before making any further attempts in communication.

Respectfully,

Rabin J. Pournazarian
*Price Law Group, APC*

Please direct all future correspondence to:
Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, CA 91436
Phone: (818) 995-4540

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

- 12 -

COMPLAINT FOR DAMAGES



**Progreso Financiero** ℠

*¡Tú sí puedes!*

**Tel** 650-810-8910, **Fax** (650) 396 4420

**Primer Aviso de Pago**

9/19/2013

Jose Koyoc Chan
1594 Burning Tree Dr
Thousand Oaks, CA  91362-1308

Cuenta No: 000666423

Sr/Sra. Koyoc,

En Progreso sabemos que usted se preocupa por establecer un buen historial de crédito y obtener acceso a otros productos financieros. Uno de los factores claves para ayudarle a tener éxito para establecer una buena puntuación es siempre hacer sus pagos programados a tiempo.

Esta carta es un recordatorio de que su cuenta presenta un atraso por la cantidad de $108.00.

Para poner su cuenta al día y continuar avanzando hacia su meta, necesitamos que haga un pago de $201.00 para el 9/21/2013 para cubrir el monto en mora que corresponde, así como también su próximo pago programado de $93.00.

Si usted necesita ayuda o tiene preguntas acerca de su préstamo, llámenos al **650-810-8910**.  Para hacer un pago, visite cualquiera de nuestras sucursales o regístrese para hacer pagos automáticos a través de nuestro sistema de ACH.

NO IGNORE ESTE MENSAJE

Progreso Financiero
TEL. 650-810-8910

**Si usted ya realizo su pago y su cuenta se encuentra al día, favor de ignorar este mensaje.**

www.progressfin.com

PF-0713-1PR-CL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT C**

COMPLAINT FOR DAMAGES



**¡Tú sí puedes!**

**Tel** 888-806-9162, **Fax** (650) 396 4420

**Segundo Aviso de Pago**

10/3/2013

Jose Koyoc Chan
1594 Burning Tree Dr
Thousand Oaks, CA  91362-1308

Cuenta No: 000666423

Sr/Sra. Koyoc,

Esta carta es un recordatorio de que su cuenta presenta un atraso por la cantidad de $216.00.

Sabemos que establecer una puntuación de crédito positiva y aumentar sus posibilidades de tener acceso a otros productos financieros es muy importante para usted. Es importante también hacer sus pagos programados a tiempo para lograr su objetivo. Por favor, recuerde que no hacer los pagos a su cuenta en la fecha de vencimiento es una violación del contrato de préstamo firmado con Progreso Financiero.

Para poner su cuenta al día, favor de realizar un pago de $309.00 para el 10/31/2013 para cubrir el monto adeudado así como su próximo pago programado de $93.00.

*No pagar la cantidad en mora puede resultar en cargos por pagos atrasados y esto afectará negativamente a su puntuación de crédito. Nosotros podemos reportar la información sobre su cuenta a las agencias de crédito. Pagos atrasados, pagos no efectuados u otros incumplimientos en su cuenta pueden ser reflejados en su informe de crédito.*

Si necesita ayuda o tiene preguntas relacionadas a su préstamo, llámenos a nuestro Departamento de Cobranzas al **888-806-9162**. Para hacer un pago, visite una de nuestras sucursales o active sus pagos automáticos utilizando nuestro sistema ACH.

NO IGNORE ESTE MENSAJE.

Crédito y Cobranza
Progreso Financiero
TEL. 888-806-9162

**Si usted ya realizo su pago y su cuenta esta al día, favor de ignorar este mensaje.**

www.progressfin.com

PF0712-2PRE-L

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT D**

COMPLAINT FOR DAMAGES



**¡Tú sí puedes!**

Tel 888-806-9162, **Fax** (650) 396 4420

**Segundo Aviso de Pago**

10/24/2013

Jose Koyoc Chan
1594 Burning Tree Dr
Thousand Oaks, CA  91362-1308

Cuenta No: 000666423

Sr/Sra. Koyoc,

Esta carta es un recordatorio de que su cuenta presenta un atraso por la cantidad de $417.00.

Sabemos que establecer una puntuación de crédito positiva y aumentar sus posibilidades de tener acceso a otros productos financieros es muy importante para usted. Es importante también hacer sus pagos programados a tiempo para lograr su objetivo. Por favor, recuerde que no hacer los pagos a su cuenta en la fecha de vencimiento es una violación del contrato de préstamo firmado con Progreso Financiero.

Para poner su cuenta al día, favor de realizar un pago de $510.00 para el 10/31/2013 para cubrir el monto adeudado así como su próximo pago programado de $93.00.

*No pagar la cantidad en mora puede resultar en cargos por pagos atrasados y esto afectará negativamente a su puntuación de crédito. Nosotros podemos reportar la información sobre su cuenta a las agencias de crédito. Pagos atrasados, pagos no efectuados u otros incumplimientos en su cuenta pueden ser reflejados en su informe de crédito.*

Si necesita ayuda o tiene preguntas relacionadas a su préstamo, llámenos a nuestro Departamento de Cobranzas al **888-806-9162**. Para hacer un pago, visite una de nuestras sucursales o active sus pagos automáticos utilizando nuestro sistema ACH.

NO IGNORE ESTE MENSAJE.

Crédito y Cobranza
Progreso Financiero
TEL. 888-806-9162

**Si usted ya realizo su pago y su cuenta esta al día, favor de ignorar este mensaje.**

www.progressfin.com

PF07131-2PR-CL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT E**

COMPLAINT FOR DAMAGES

October 25, 2013

Progreso Financiero
171 Constitution Dr.
Menlo Park, CA 94025

To Whom It May Concern,

I am receiving an overwhelming volume of collection calls from Progreso Financiero.  The calls are coming to my cellular telephone number (805) 338-2430.  I am unable to pay the debt you are calling me to collect right now.  Please stop calling me.  Please stop calling my cellular telephone.

Also I am represented by an attorney in regards to my alleged debt with Progreso Financiero.  As such, please direct all future correspondence to:

Price Law Group
15760 Ventura Boulevard, Suite 1100
Encino, CA 91436
T: (818) 995-4540
F: (818) 205-2730

Sincerely,

Jose Luis Koyoc
1594 Burning Tree Drive
Thousand Oaks, CA 91362

cc.      Progreso Financiero, 4401 Slauson Ave, Maywood, CA 90270

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**EXHIBIT F**

24
25
26
27
28

COMPLAINT FOR DAMAGES



**¡Tú sí puedes!**

**Tel** 888-806-9163, **Fax** (650) 396 4420

**CUARTO AVISO DE PAGO**

11/14/2013

Jose Koyoc Chan
1594 Burning Tree Dr
Thousand Oaks, CA  91362-1308

Cuenta No: 000666423

Sr/Sra. Koyoc,

Progreso Financiero ha tratado de ponerse en contacto con usted en varias ocasiones a través de diferentes medios de comunicación con el fin de discutir los retrasos en los pagos de su préstamo, ya que aún tiene que resolver el estado de morosidad de su cuenta.

Nuestros registros indican que hasta el día de hoy su cuenta tiene 67 días de atraso y como resultado su cuenta se encuentra en un **ATRASO SEVERO.** El total de la cantidad vencida es de $540.00, este balance incluye intereses y cargos adicionales por pagos atrasados como está descrito en el contrato del préstamo que usted firmó.

Si no recibimos un pago mínimo por la cantidad de $261.00 antes del 11/30/2013, estaremos iniciando un proceso **que podría dar lugar a acciones legales** para recuperar el dinero adeudado más los costos legales adicionales.

Es urgente que se comunique con un representante de nuestro Departamento de Cobranzas al **888-806-9163,** para trabajar juntos en un plan de pago.

Es de suma importancia que usted no ignore este mensaje ya que vamos a seguir reportando su caso a las agencias de crédito. **Además esto afectará de manera negativa su historial de crédito,** lo que significa que en el futuro será aún más difícil que usted pueda obtener crédito. Usted puede prevenir esto con la cantidad mínima de $261.00 para 11/30/2013. Por favor tome en cuenta que si tiene que dar otro pago antes de fin de mes 11/30/2013 y no lo realiza, usted será responsable de pagar un cargo adicional por tardanza $15.00 el cual tendrá que ser agregado a este pago.

NO IGNORE ESTE MENSAJE

Departamento Legal
Progreso Financiero
TEL. 888-806-9163

PF0713 4PR-CL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE TO COUNSEL
(For use in Direct Assignment of Civil Cases to Magistrate Judges Program only)

*The court has directed that the following rules be specifically called to your attention:*

    I.      Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. § 636(c) and General Order 11-06].
    II.    Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)
    III.   Service of Papers and Process (Local Rule 4)

I.    NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE

*Pursuant to Local Rule 73-2, the initiating party must serve this notice and consent form CV-11C on each party at the time of service of the summons and complaint or other initial pleading.*

This case has been randomly assigned to Magistrate Judge     *Segal* under the Direct Assignment of Civil Cases to Magistrate Judge Program in accordance with General Order 11-06. The case number on all documents filed with the court must read as follows:

## CV 13-9165

    The parties are advised that their consent is required if the above assigned magistrate judge is to conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Should the parties not consent to proceed before the above assigned magistrate judge, the case will be randomly reassigned to a district judge. If this occurs, the parties cannot later consent to reassignment of the case to any other magistrate judge.

    The parties are further advised that they are free to withhold consent without adverse substantive consequences. If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election. Except as provided in Local Rule 73-2.4.1.1, for cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 42 days after service of the summons and complaint upon that defendant, and within 42 days by plaintiff after service upon the first-served defendant. If the United States, an agency of the United States, or an officer or employee of the United States is a defendant, the statement of consent shall be filed by the government defendant within 60 days after service of the summons and complaint upon that defendant.

    For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 14 days after the notice of removal is filed.

    Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

Any appeal from a judgment of the magistrate judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

If a party has not consented to the exercise of jurisdiction by the magistrate judge within the time required by Local Rule 73-2, the case shall be randomly reassigned to a district judge and a magistrate judge shall be randomly assigned to the case as the discovery judge. (Local Rule 73-2.6)

You may contact the Civil Consent Case Coordinator at (213) 894-1871 or *consentcoordinator@cacd.uscourts.gov* if you have any questions about the Direct Assignment of Civil Cases to Magistrate Judges Program.

## II.   CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1 states: "It is not permissible to dismiss and thereafter re-file an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first filed action was assigned. It shall be the duty of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.

## III.   SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4(i). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

Clerk, U. S. District Court

DEC 12 2013

By _____

JULIE PRADO

Date

Deputy Clerk

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| Jose Luis Koyoc | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) **CV13-9165 SS** |
| Progress Financial Company, dba Progreso | ) Civil Action No. |
| Financiero; and DOES 1 to 10, inclusive, | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Progress Financial Company,
> dba Progreso Financiero
> 171 Constitution Drive
> Menlo Park, CA 94025

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030; F: (866) 397-2030
tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  DEC 1 2 2013    

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____        _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

JOSE LUIS KOYOC

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

PROGRESS FINANCIAL COMPANY, dba PROGRESO FINANCIERO; and DOES 1 to 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC,  (818)907-2030
15760 Ventura Blvd., Suite 1100, Encino, CA  91436

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding   ☐ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

Violations of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788; Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☒ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL PROPERTY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accomodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty

**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Selzure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:**   Case Number:   CV13-9165

CV-71 (09/13)

CIVIL COVER SHEET

Page 1 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:**  Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no, " go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D,  below.

If none applies, answer question C2 to the right.  ➡

**C.2.  Is either of the following true?  If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D,  below.

If none applies, go to the box below.  ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   _J. Thomas Watson_          DATE:  12/11/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |